# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

RALPH BRUMBLEY, by and through )
his Attorney-in-Fact, CAROL )
BRUMBLEY, d/b/a Brumbley Family )
Park, )
           )    C.A. No. S24C-03-024 CAK
         Plaintiff, )
           )
     v. )
           )
JOSEPH WELLS, )
           )
       Defendant. )

Submitted: May 20, 2024
Decided: May 30, 2024

*Upon Defendant's Motion to Vacate or Reconsider Writ and Order of Ejectment*

**DENIED**

## ORDER

Dean A. Campbell, Esquire, 703 Chestnut Street, Milton, DE 19968; Attorney for Plaintiff.

Joseph Wells, a certain recreational vehicle located on Lot 30, Brumbley Family Park, 25601Amy's Lane, Milton, DE 19968; Defendant, *Pro Se*.

**KARSNITZ, R.J.**

On March 14, 2024, Ralph Brumbley, by and through his Attorney-in-Fact Carol Brumbley, doing business as Brumbley Family Park ("Plaintiff")[1] filed a Petition for Writ of Ejectment against Joseph Wells ("Defendant") seeking ejectment of Defendant from certain real property known as Lot 30 in the recreational vehicle campground owned by Plaintiff known as the Brumbley Family Park (the "Property").[2] Plaintiff had granted a revocable license to Defendant to park on Lot 30 for a monthly fee. Defendant defaulted in payment of the fee in December, 2023 and Plaintiff revoked the license.[3]

On May 16, 2024, Defendant requested a continuance which I denied. On May 17, 2024, Defendant failed, without justification, to appear for a Rule to Show Cause hearing regarding Plaintiff's Petition for Ejectment. On May 17, 2024, I entered the Writ and Order of Ejectment.

On May 20, 2024, Defendant filed a Motion to Vacate or Reconsider (dated May 17, 2024), In that Motion, which I will treat as a Motion to Vacate under Delaware Superior Court Civil Rule 60(b), Defendant makes two arguments: (1) Plaintiff has violated certain administrative rules with respect to operation of the Property, and (2) Plaintiff has been very hostile to him. Neither of these arguments

---

[1] Plaintiff Carol Brumbley is the wife of Plaintiff Ralph Brumbley and has produced a Power of Attorney appointing her as his Attorney-in-Fact.

[2] Carol Brumbley is represented by counsel and thus can sue using the Attorney-in-Fact.

[3] Justice of the Peace Court #17 ruled that the relationship between Plaintiff and Defendant did not constitute a landlord-tenant relationship under either the Delaware Landlord-Tenant Code or the Delaware Mobile Homes Lots and Leases Act.

is apposite to an ejectment claim or his failure to pay the license fee.

This is my Order denying the Motion.

Delaware Superior Court Civil Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In my view, none of these reasons apply in this case. There is no evidence in the record that Defendant's failure to timely answer the Petition for Writ of Ejectment or his failure to appear at the Rule to Show Cause hearing resulted from mistake, inadvertence, surprise, or excusable neglect.

With respect to excusable neglect, our Supreme Court stated that the Superior Court must consider three (3) factors in determining whether entry of a default judgment should be set aside: first, whether culpable conduct of defendant led to the default and, if so, was it excusable; second, whether defendant has a meritorious defense; and third, whether the plaintiff will be prejudiced.[4] Because the first factor

---

[4] *Apartment Cmtys. Corp. v. Martinelli,* 859 A.2d 67, 69-70 (Del. 2004).

is a threshold, the Superior Court need only consider the second and third factors "if a satisfactory explanation has been established for failing to answer the complaint, e.g. excusable neglect or inadvertence."[5] Under Rule 60(b)(1), excusable neglect is defined as "neglect which might have been the act of a reasonably prudent person under the circumstances." But a defendant "cannot have the judgment vacated where [the defendant] has simply ignored the process."[6] I note the second and third factors as well: Defendant has no meritorious defense, and Plaintiff will be prejudiced by further delay.

Defendant's conduct led to the Writ and Order of Ejectment, and there was no satisfactory explanation established for his failing to answer the Petition for Writ of Ejectment.

Having heard and considered Defendant's Motion and Plaintiff's arguments, Defendant's Motion is hereby **DENIED**.

Under the Writ and Order of Ejectment, Defendant shall vacate the lands and premises of Ralph Brumbley forthwith.

It is **SO ORDERED**.

/s/ Craig A. Karsnitz
Craig A. Karsnitz

cc: Prothonotary

---

[5] *Id.* at 72.
[6] *Lee v. Charter Comm'ns VI, LLC,* 2008 WL 73720, at *1 (Del. Super., Jan. 7, 2008).

4